**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **KENNETH D. ADKINS,** § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:04-CV-0665-A |
| § | |
| **DOUGLAS DRETKE, DIRECTOR,** § | |
| **TEXAS DEPARTMENT OF CRIMINAL** § | |
| **JUSTICE, CORRECTIONAL INSTITUTIONS** § | |
| **DIVISION,** § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Kenneth D. Adkins, TDCJ-ID #1048945, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Huntsville, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. FACTUAL AND PROCEDURE HISTORY

In 2000, Adkins was charged by indictment in state court with possession of cocaine with

intent to deliver. (State Habeas R. at 98-99) The indictment also included enhancement and habitual offender allegations. (*Id.*) On June 27, 2001, a jury found Adkins guilty of the lesser included offense of possession of cocaine and found that he had used or exhibited a deadly weapon, a club, in committing the offense. (*Id.* at 100-01) Thereafter, the trial court found one or more of the enhancement and habitual offender allegations true and assessed Adkins's punishment at forty years' confinement. (*Id.*) Adkins appealed his conviction, and the Second District Court of Appeals of Texas reformed the trial court's judgment to delete the deadly weapon finding and affirmed the judgment as reformed on December 19, 2002. *Adkins v. Texas*, No. 2-01-288-CR, slip op. (Tex. App.–Fort Worth Dec. 19, 2002) (op. on PDR) (not designated for publication). On November 5, 2003, the Texas Court of Criminal Appeals refused Adkins's petition for discretionary review. *Adkins v. Texas*, PDR No. 836-03. Adkins filed a state application for writ of habeas corpus, which the Texas Court of Criminal Appeals denied without written order on the findings of the trial court on August 25, 2004. *Ex parte Adkins*, Application No. 59,445-01, at cover. Adkins filed this federal petition for writ of habeas corpus on September 11, 2004. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding pro se habeas petition filed when papers delivered to prison authorities for mailing).

D.  ISSUES

Adkins raises the following claims:

1.  He received ineffective assistance of trial counsel;

2.  The state knowingly used perjured testimony to secure a conviction;

3.  The state suppressed evidence favorable to him at the guilt/innocence phase of trial;

4.  The trial court erred in overruling his motion to suppress physical evidence

2

        and his corresponding objection at trial because the evidence was seized as a result of an illegal arrest;

5.     The trial court erred in overruling his motion for directed verdict because his arrest and the seizure of the contraband were based on an illegal, pretextual arrest; and

6.     The trial court erred in overruling his motion to suppress physical evidence and his motion for directed verdict because evidence of ownership of the club was illegally obtained from statements made while he was in custody in violation of *Miranda*. (Petition at 7; Supp. Petition at 2)

### E. RULE 5 STATEMENT

Dretke believes that Adkins has sufficiently exhausted available state remedies on claims one through three as required under 28 U.S.C. § 2254(b) by raising the claims in his state habeas application. (Resp't Answer at 6; State Habeas R. at 7-8) Dretke contends, however, that Adkins has not sufficiently exhausted his remaining claims. (Resp't Answer at 5-8.) Specifically, Dretke argues that Adkins has not exhausted his fourth and fifth claims because, although raised in his petition for discretionary review, Adkins did not allege any violation of federal constitutional rights in connection with the claims. (Resp't Answer at 6-7) It is not necessary to consider the merits of this argument however because, even if the claims were sufficiently raised in Adkins's petition for discretionary review, the claims are barred from review. Where a state affords sufficient opportunity to litigate a Fourth Amendment claim, federal habeas review is not available to a state prisoner alleging that his conviction rests on evidence obtained through an unconstitutional search and seizure. *See Stone v. Powell*, 428 U.S. 465, 489-95 (1976). Adkins had a full and fair opportunity to litigate his Fourth Amendment claims in the state courts, and *Stone* bars relitigation of the issues here. *See Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002), *cert. denied*, 537 U.S. 1196 (2003).

Dretke also argues that Adkins's sixth claim is unexhausted and procedurally barred because Adkins did not raise the claim in his petition for discretionary review or his state habeas application.

3

Under the federal exhaustion requirement, a habeas petitioner must have fairly presented the substance of his federal claim to the highest court of the state. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting the substance of a claim to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2005). Because Adkins did not raise his sixth claim in either his petition for discretionary review or his state habeas application, the claim is unexhausted. Under the Texas abuse-of-the-writ doctrine, however, Adkins cannot now return to state court for purposes of exhausting the claim. *See id.* art. 11.07, § 4. The abuse-of-the-writ doctrine represents an adequate state procedural bar to federal habeas review. *See Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997). Therefore, absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated, Adkins's sixth claim is procedurally barred from this court's review. *See Smith v. Johnson*, 216 F.3d 521, 523-24 (5th Cir. 2000).

Because Adkins's claims four through six are procedurally barred, the following discussion applies only to his first three claims.

F.  DISCUSSION

1. Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in

4

a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. 28 U.S.C. § 2254(e)(1). The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion, as here, it is an adjudication on the merits that is entitled to this presumption. *Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002), *cert. denied*, 537 U.S. 1104 (2003); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

2. Ineffective Assistance of Counsel

Adkins was represented by Jay C. and James S. Vecchio at trial. Adkins claims he received ineffective assistance of counsel because counsel (1) failed to interview and secure Thomas Dowdell as a witness at trial, (2) failed to investigate and interview state witnesses, and (3) failed to

investigate the state's alleged 911 call. (Petition at 7)

To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). A court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id.* at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689.

Where, as here, a petitioner's ineffective assistance claims have been reviewed on the merits under the *Strickland* standard and denied by the state courts, federal habeas relief will be granted only if the state courts' decision was contrary to or involved an unreasonable application of *Strickland*, or if the state courts' decision is based on an unreasonable determination of the facts in light of the evidence before the court. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Pondexter v. Dretke*, 346 F.3d 142, 145-46 (5th Cir. 2003), *cert. denied*, 124 S. Ct. 2160 (2004); *Haynes v. Cain*, 298 F.3d 375, 379-82 (5th Cir. 2002). Under this standard, the state court's application of *Strickland* must be shown to be not only erroneous, but objectively unreasonable. *Yarborough v. Gentry*, 540 U.S. 1, 4 (2003). Having conducted an independent review, the state courts' adjudication of Adkins's claims was neither erroneous nor objectively unreasonable.

After holding a hearing by affidavit on Adkins's claims, the state trial court entered findings of fact refuting Adkins's allegations of ineffective assistance and recommended that habeas relief be denied. (State Habeas R. at 72-87, 89-97) In accordance with that recommendation, the Texas Court of Criminal Appeals denied relief based upon the trial court's findings. *Ex parte Adkins*, No.

6

59,445-01, cover. In his federal petition, Adkins makes no reference to the state court findings and makes no effort to rebut the presumptive correctness of the findings. Thus, the court must defer to those findings. 28 U.S.C. § 2254(e)(1).

Adkins contends counsel was ineffective by failing to interview and secure his brother Thomas Dowdell to testify at trial as an eye witness to the events leading up to his arrest.[1] (Petition at 7) In addition to his own unsworn statement, Adkins provided the affidavit of Dowdell, in which Dowdell sets forth his account of the events on the night in question and states that he was never contacted by counsel to testify and that he contacted counsel's office on several occasions to no avail. (State Habeas R. at 35)

Complaints of uncalled witnesses are not favored on habeas review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified to are largely speculative. *See Boyd v. Estelle*, 661 F.2d 388, 390 (5th Cir. 1981) (quoting *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978)). To prevail on such a claim, a petitioner must show that the witness's testimony would have been favorable and that the witness would have testified. *See Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985). Here, Adkins told counsel that Dowdell, who lived in Chicago, would not be available to testify because Dowdell was afraid of being arrested. (State Habeas R. at 90) Counsel had no recollection or records that Dowdell had attempted to contact them and made the decision not to subpoena Dowdell because counsel believed Dowdell's testimony would have little or no credibility given that he was a

---

[1]Adkins sets forth his first three claims in his petition in a conclusory fashion, without citation to legal authority or argument. Although Adkins did not file a supporting brief or memorandum in this federal action, he filed a memorandum of law in the state habeas action, more fully developing the factual and legal basis for his claims, to which the undersigned Magistrate Judge refers. (State Habeas R. at 10-32)

7

convicted felon and Adkins's brother and would only mirror that of Adkins. (*Id.*) This strategic decision cannot be second-guessed. *See Anderson v. Collins*, 18 F.3d 1208, 1219-20 (5th Cir. 1994). Further, Adkins presented no credible evidence that Dowdell would have, in fact, been willing to testify at trial. (*Id.*) *See Self v. Collins*, 973 F.2d 1198, 1214 (5th Cir. 1992) (holding credibility choices are entitled to presumption of correctness).

Adkins contends counsel was ineffective by failing to investigate and interview state witnesses. (Petition at 7) The record reflects that the state called only three witnesses at trial, the arresting officers, Morales and Horton, and a forensic chemist. (Reporter's R., Master Index) Adkins contends counsel should have sought out and interviewed other "state agents"–specifically, Arlington bicycle and canine patrol officers, to contradict the testimony of Officers Morales and Horton. (State Habeas R. at 19-21) Adkins has provided no proof, however, that the other officers would have contradicted the testimony of Officers Morales and Horton. Furthermore, counsel attempted to subpoena five Arlington police officers, including the canine officer, and interviewed several other officers outside the courtroom regarding Adkins's case. (*Id.* at 83, 91) None of the officers supported Adkins's version of the events. (*Id.*)

Adkins contends counsel was ineffective by failing to review the state's alleged 911 call from John Hayworth,[2] a police informant. (Petition at 7; State Habeas R. at 21-23) Counsel did not review the 911 call, however, because the informants, Hayworth and his wife, were identified in the police report, which indicated the manner and means by which the officers were alerted to Adkins's presence on the night in question. (State Habeas R. at 92) Nor did Adkins demonstrate that

---

[2]The correct spelling of Hayworth's name is unclear from the state court records, in which his name is spelled as "Haworth" and "Haywood." (2Reporter's R. at 8, 11-12, 41- 43; State Habeas R. at 62)

reviewing the 911 call would have helped his case. (*Id.*)

### 3. False Testimony

Adkins contends the state knowingly and willfully allowed Officers Morales and Horton to testify to material facts that were false. (Petition at 7) Specifically, Adkins's contends the state knew Officer Morales's testimony regarding the 911 call from Hayworth was fabricated and false, in his words, "a far-fetched concocted story." (Petition at 7; State Habeas R. at 26-27) Adkins presented no evidence in the state habeas proceedings, nor does he now, to support this assertion. Without substantiation in the record, a court cannot consider a habeas petitioner's mere assertions on a critical issue in his pro se petition to be of probative evidentiary value. *See Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

### 4. Suppression of Evidence

Adkins contends the state suppressed evidence at the guilt/innocence stage that would have shown he was "set up," namely, the identity of four Arlington uniform bicycle officers who arrived on the scene after his arrest and who could have testified that no narcotics were found in Adkins's truck following their search and a canine search of the vehicle. (Petition at 7; State Habeas R. at 30-31) According to Adkins's unsworn statement and his brother's affidavit, Officer Morales, uniform bicycle officers, and a canine unit all searched his vehicle and found no narcotics. (State Habeas R. at 34-35, 37-38) It was only after Officer Morales searched the vehicle again that he discovered the brown bottle containing contraband. (*Id.*) Adkins urges that this fact supports his theory that the officer "forged a felony issue against" him because of other encounters he had with the officer. (*Id.* at 38.) Adkins has provided no credible evidence, however, as to the identity of the alleged additional officers, that the officers arrived on the scene after he was arrested, or that identification

9

of the officers would have produced evidence favorable to him. (*Id.* at 93) *See United States v. Bagley*, 473 U.S. 667, 674 (1985). In the absence of such evidence, there is no factual basis to conclude the state suppressed evidence favorable to Adkins.

Adkins has failed to prove that he has been denied a constitutionally protected interest. The state court's adjudication of the claims presented does not appear to be contrary to or involve an unreasonable application of clearly established federal law or based on unreasonable determinations of fact in light of the evidence presented in the state court proceedings.

## II.  RECOMMENDATION

Adkins's petition for writ of habeas corpus should be denied.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until April 20, 2005. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the

United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until April 20, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March __30__, 2005.

　　　　　　　　　　　　　　　　　　　　　　　__/s/    Charles Bleil__
　　　　　　　　　　　　　　　　　　　　　　　CHARLES BLEIL
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE